IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )    CRIMINAL ACTION NO.
     v.                       )       2:22cr64-MHT
                              )           (WO)
D'VONTE LOCKLEY               )
```

OPINION AND ORDER

This case is before the court for consideration of whether remove or modify the condition of supervision imposed at sentencing requiring defendant D'Vonte Lockley to "participate in a treatment and monitoring program for sex offenders, to include polygraph testing if determined necessary by the treatment provider and/or the supervising probation officer."  Judgment (Doc. 69) at 5.  For the reasons below, the court will eliminate this requirement.

First, the court's original imposition of this condition was not based on a perceived, individualized need for the condition based on the facts of the case and consideration of the 18 U.S.C. § 3553(a) factors. This provision was included on a form sentencing script

provided to the court by the probation department, and the court mistakenly assumed that the condition was required by law.  However, after the sentencing, the court realized that the provision was not required, and accordingly arranged for a conference with the parties to discuss whether it should be removed.  The probation officer stated that it was included because the department includes it as a matter of course in cases involving sex offenses.

Second, while the court agrees that sex-offender treatment and monitoring is appropriate in many cases involving sex offenses, in this unusual case the § 3553(a) factors do not warrant such treatment. Lockley was convicted in December 2023 of one count of conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c), for an offense that took place during several months in 2017—over six years earlier. He was 22 years old at the time.  He was living with his girlfriend, codefendant Laporchie Howard, and

codefendant Tracey Shannon, when Howard invited a 17-year-old runaway and her slightly older friend to live with them if they paid rent through prostitution. Lockley reportedly did not want them to move in, but Howard overruled him. Howard was the leader of the enterprise and collected the money from the victim's prostitution to pay the rent for the home, which she had rented. Lockley mostly facilitated the sex trafficking by placing online ads for the victim and her friend and by allowing the use of his phone and car for communication and transportation. And he was a beneficiary of the trafficking in that it paid his rent. There is no indication that he had any inclination towards committing sex offenses. Indeed, all his other criminal history has been for shoplifting, and he has not had any convictions since 2019. In short, there is no evidence that he has been involved in a sex offense either before this offense or in the over six years after this offense.

3

There is no doubt that Lockley's actions at the time of the offense were callous and criminal, and that they harmed the vulnerable 17-year-old victim of this offense.  However, at the time of the offense, he was 22 years old—an age at which his brain had not finished developing. *See, e.g.,* Melissa S. Caulum, *Postadolescent Brain Development: A Disconnect Between Neuroscience, Emerging Adults, and the Corrections System*, 2007 Wis. L. Rev. 729, 743 (2007) (internal citations omitted) ("Evidence shows that the prefrontal cortex does not fully mature until the mid-twenties, and that myelination continues throughout the twenties. Myelination generally occurs from back to front, and the frontal lobe's gray matter is among the last to mature.  Because the prefrontal cortex governs impulsivity, judgment, planning for the future, and foresight of consequences, it is responsible for the very characteristics that may make one morally culpable.").  The court views Lockley's deplorable

4

choices in this case as in large part a product of his immaturity and attendant poor judgment and not as a reflection of a propensity to commit sex offenses. Now, in contrast, Lockley is gainfully employed and in his late twenties.

Sex-offender treatment and monitoring may be an important tool for treating people who commit sex offenses. *See* Przybylski, Roger, *The Effectiveness of Treatment for Adult Sexual Offenders* (U.S. Dept. of Justice, Office of Justice Programs July 2015). Here, however, based on the circumstances of the offense and the history and characteristics of the defendant, the court finds that sex-offender treatment and monitoring are unnecessary.

That said, the conditions of supervised release provide the probation officer with broad power to monitor Lockley's activities. Should the probation officer become aware of recent behavior reflecting that Lockley would benefit from sex-offender treatment and

monitoring, the officer may request a modification of the conditions of supervised release, and the court will consider the request.

***

Accordingly, it is ORDERED that the conditions of supervised release are modified to remove the following requirement: "The defendant shall participate in a treatment and monitoring program for sex offenders, to include polygraph testing if determined necessary by the treatment provider and/or the supervising probation officer."

DONE, this the 20th day of February, 2024.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE