IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:22cr64-MHT |
| | ) | (WO) |
| D'VONTE LOCKLEY | ) | |

OPINION AND ORDER

In December 2023, after pleading guilty to conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c), defendant D'Vonte Lockley was sentenced to time served (one day of imprisonment) followed by a five-year term of supervised release.

This case is now before the court on Lockley's motion for early termination of his supervised release. *See* Motion for Early Termination (Doc. 83). While the government "takes no position ... and leaves the motion to the discretion of the Court," *id.* at 1, Lockley's supervising probation officer "does not support early termination at this time." Response to Motion for Early Termination. For the following reasons, the motion will be denied.

***

According to his supervising probation officer, Lockley's primary reason for requesting early termination ... is relocating to Colorado to live with his mother," Response (Doc. 85) at 2. The probation officer attempted to facilitate this move by submitting a relocation request to transfer supervision, *see id.*, but "the request was denied because the proposed residence did not satisfy the applicable sex offender residence requirements." *Id.* The probation officer further stated "that relocation may be reconsidered upon identification of an appropriate residence and approval by the receiving district." *Id.*

A court may grant a motion for early termination of supervised release if, after considering the relevant 18 U.S.C. § 3553(a) factors, "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Moreover, unlike incarceration, supervised release is not meant to serve the backward-looking purpose of retribution, but instead

the forward-looking goals of deterrence, incapacitation, and rehabilitation. *See Esteras v. United States*, 606 U.S. 185, 196 (2025). "Congress intended supervised release to assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000).

The supervising probation officer reports that Lockley has completed approximately 34 months of supervision, and, with one important exception, "has generally demonstrated satisfactory adjustment to supervision," Response (Doc. 85) at 1, with regard to obtaining employment, maintaining a residence, drug testing, and all other conditions of supervision, *see id.* at 1-2. The officer stated that he "has not identified significant concerns regarding Lockley's behavior, associations, or dynamic risk factors." *Id.* at 1.

The one important exception, according to the supervising probation officer, is the following: In preparing his response to the pending motion, "the

probation officer contacted the [county sheriff's office] to verify Lockley's compliance with sex offender registration requirements," *id.* at 2, and was "advised that Lockley ... was required to report ... in September 2026 but had not done so." *Id.* According to the probation officer, "Lockley was days away from having an arrest warrant issued for failure to register." *Id.* "Upon learning of Lockley's failure to maintain current sex offender registration, the probation officer contacted Lockley and instructed him to promptly resolve the matter," and "Lockley complied with the instructions and completed the required registration." *Id.*

The probation officer concluded that, because "compliance with court-ordered conditions is an expected component of supervision," *id.*, he "does not support early termination of supervised release at this time." *Id.*

The court agrees with the supervising probation officer. Critical to Lockley's successful "transition

to community life," *Johnson*, 529 U.S. at 59, is maintaining current sex-offender registration. Here, the probation officer essentially kept Lockley out of jail by taking steps to bring Lockley into compliance. *See* Response (Doc. 85) at 2. The court, therefore, believes that another year of "supervision is necessary to reinforce [Lockley's] gains." *United States v. Easterly*, 2026 WL 1487857, at *1 (M.D. Ala. 2026) (Thompson, J.) (internal citation omitted).

Accordingly, it is ORDERED that the motion for early termination of supervised release (Doc. 83) is denied with leave to renew.

DONE, this the 3rd day of November, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE